An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-550

Filed 6 May 2026

Swain County, No. 23SP000009-860

IN THE MATTER OF THE FORECLOSURE OF THE CLAIM OF LIEN ON LOT OWNED BY ROBINSON JOSEPH MYERS AND ELIZABETH OWL-MYERS

Appeal by defendant from order entered 17 January 2025 by Judge Gary M. Gavenus in Swain County Superior Court. Heard in the Court of Appeals 24 March 2026.

> *Hedgepeth Law Group, PLLC, by Shira L. Hedgepeth, for the respondent-appellees Robinson Joseph Myers and Elizabeth Owl-Myers.*

> *Rayburn Cooper & Durham, PA, by Ashley B. Oldfield and Ross R. Fulton, and David Sawyer for the petitioner-appellant Smoky Mountain Country Club Property Owners' Association.*

TYSON, Judge.

Smoky Mountain Country Club Property Owners' Association ("the Association") appeals from the trial court's order dismissing its action to foreclose on a lien assessed against a lot owned by Robinson Joseph Myers and Elizabeth Owl-Myers ("the Myers"). We reverse and remand.

## I. Background

The factual and procedural background of this case is more fully set forth in the companion appeal, *Myers v. Smoky Mountain Prop. Owners' Ass'n* (COA25-701), which was heard and decided contemporaneously with this appeal. A brief factual background pertinent to the specific issues of this appeal are as follows.

The Association instituted a proceeding against the Myers for the foreclosure of a claim of lien for unpaid assessments against a lot owned by them in Smoky Mountain Country Club, a Planned Community governed by the North Carolina Planned Community Act. On 21 July 2023, the Swain County Clerk of Superior Court entered an Order Allowing Foreclosure Sale. The Myers appealed to the Swain County Superior Court.

On 11 March 2024, the trial court conducted a hearing and heard several motions and matters pertaining to the foreclosure. The court orally rendered a stay of the foreclosure proceeding. The trial court did not conduct any further hearings on the foreclosure action. Close to year later on 17 January 2025, the trial court entered an order which dismissed the foreclosure proceeding.

## II. Issues

The Association argues: (1) the trial court erred by dismissing the foreclosure proceeding without conducting a *de novo* hearing as required by N.C. Gen. Stat. § 45-21.16(d1) (2025) and without making findings of fact required by N.C. Gen. Stat. § 47F-3-116(f)(7) (2025); (2) the trial court did not possess subject matter jurisdiction to dismiss the foreclosure proceeding without conducting a *de novo* hearing; and, (3)

the trial court's findings of fact are not supported by competent evidence and its conclusions of law are unsupported and improper.

### III. Jurisdiction

This Court has jurisdiction to hear this appeal from the final judgment of the trial court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2025).

### IV. Standard of Review

This Court reviews *de novo* whether the trial court complied with a statutory mandate. *In re E.A.*, 267 N.C. App. 396, 399, 833 S.E.2d 630, 632 (2019).

### V. Hearing on the Foreclosure Action

An action to foreclosure on a mortgage or deed of trust is governed by Chapter 45 of our General Statutes, whereas an action to foreclose a claim of lien under the North Carolina Planned Community Act is governed by Chapter 47F. N.C. Gen. Stat. § 47F-3-116 (2025). Chapter 47F incorporates the statutory provisions and procedures of Chapter 45 unless they are inconsistent or in conflict. Chapter 47F provides:

> The following provisions and procedures shall be applicable to and complied with in every nonjudicial power of sale foreclosure of a claim of lien, and these provisions and procedures shall control to the extent they are inconsistent or in conflict with the provisions of Article 2A of Chapter 45 of the General Statutes:
> . . . .
> (7) If a valid debt, default, and notice to those entitled to receive notice under G.S. 45-21.16(b) are found to exist, then the clerk of court shall authorize the sale of the property described in the claim of lien by the trustee.

N.C. Gen. Stat. § 47F-3-116(f)(7) (2025).

North Carolina General Statutes Chapter 45 sets forth procedures and requirements for an appeal from a clerk's order authorizing a foreclosure sale. The clerk's order "may be appealed to the judge of the district or superior court having jurisdiction at any time within 10 days after said act. *Appeals from said act of the clerk shall be heard de novo*." N.C. Gen. Stat. § 45-21.16(d1) (emphasis supplied).

The trial court is required to conduct a *de novo* hearing and not simply a *de novo* review. *See In re Garvey*, 241 N.C. App. 260, 260, 772 S.E.2d 747, 748 (2015) ("[W]e cannot determine from the order or the transcript whether the superior court conducted a de novo hearing as required by statute, as opposed to essentially engaging in an appellate review of the order of the clerk of superior court.").

Here, the Swain County Clerk of Court entered an Order Allowing Foreclosure Sale, in which the Clerk found the existence of a valid debt, default by, and proper notice on the debtor. *See id.* at 263, 772 S.E.2d at 750. The Myers entered notice of appeal from the Clerk's order. At the hearing on 11 March 2024, the trial court began by hearing and ruling upon motions the Myers had filed. Thereafter, the court, on its own motion, stayed further proceedings in the foreclosure action.

No further hearings on the foreclosure action were ever held. Instead, on 17 January 2025, the court entered an order dismissing the foreclosure proceeding, because "[the] Association is not the owner of the alleged debt as the Confirmation

Order assigned the debt and collect[ion] to SMCC Clubhouse" and "[the] Association does not have standing to proceed with the foreclosure."

The trial court erred by entering an order on the foreclosure action without conducting a statutorily-required *de novo* hearing in which the court considers the evidence and makes its own findings of fact and conclusions of law regarding the existence of a valid debt, default by, and notice to the debtor. *See* N.C. Gen. Stat. § 47F-3-116(f)(7) (2025); *Garvey*, 241 N.C. App. at 263, 772 S.E.2d at 750.

## VI. Conclusion

We reverse the trial court's order dismissing the foreclosure proceeding and remand to the trial court for further proceedings consistent with this opinion and our opinion in the related companion appeal, *Myers v. Smoky Mountain Prop. Owners' Ass'n* (COA25-701). Because of our disposition of this appeal and the related cases, we need not address the Association's remaining arguments. *It is so ordered*.

REVERSED AND REMANDED.

Judges COLLINS and GORE concur.

Report per Rule 30(e).